**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------x
UNITED STATES OF AMERICA
-v-

AHMAD ABOUSHI,
     Defendant.
------------------------------------------------x

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

CASE NUMBER: CR-98-124(S-2)-01(FB)
GERALD SHARGEL, ESQ.
570 LEXINGTON AVE., 16TH FL.
NEW YORK, NY 10022
Defendant's Attorney & Address

THE DEFENDANT: AHMAD ABOUSHI
__XX__ was found guilty on counts 1(S-2),3,(S-2)10(S-2),11(S-2),12(S-2),16(S-2),17(S-2),18(S-2),21(S-2), 23(S-2),24(S-2),25(S-2),26(S-2),27(S-2),28(S-2),29(S-2),& 30(S-2) OF THE SUPERSEDING INDICTMENT after a plea of not guilty.
    Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| TITLE 18 USC 1951 | CONSPIRACY TO COMMIT ROBBERY | 1(S-2) |
| TITLE 18 USC 2315 | CONSPIRACY TO POSSESS STOLEN PROPERTY | 3(S-2),12(S-2),18(S-2), 24(S-2),27(S-2),30(S-2) |
| TITLE 18 USC 659 | THEFT FROM INTERSTATE SHIPMENT | 10(S-2), 16(S-2),22(S-2), 25(S-2),28(S-2) |
| TITLE 18 USC 2312 | TRANSPORTATION OF A STOLEN VEHICLE | 11(S-2),17(S-2),23(S-2), 26(S-2),29(S-2) |

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
__XX__ The defendant has been found not guilty on counts 2(S-2),4(S-2),5(S-2),6(S-2),7(S-2),8(S-2),13(S-2), 14(S-2),15(S-2)20(S-2),31(S-2),32(S-2),33(S-2), AND 34(S-2) and is discharged as to such counts.
__XX__ It is ordered that the defendant shall pay to the United States a special assessment of $ 1,700.00 which shall be due immediately :

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec # 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

FEBRUARY 01, 2001
Date of Imposition of Sentence
s/Frederic Block

Defendant's Mailing Address:
358 ARBUTUS AVE.

STATEN ISLAND, NY

THE HONORABLE FREDERIC BLOCK
March 13, 2001
Date
A TRUE COPY
ATTEST
3/13/2001
ROBERT C. H[...]

Defendant: AHMAD ABOUSHI
Case Number: CR-98-124(S-2)-01(FB)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>TWENTY (20) YEARS ON COUNT ONE OF THE SUPERSEDING INDICTMENT AND TWO (2) YEARS ON EACH OF THE FOLLOWING COUNTS WHICH SHALL RUN CONCURRENTLY TO EACH OTHER AND CONSECUTIVE TO COUNT 1(S-2): COUNTS 3(S-2): 10(S-2): 11(S-2): 12(S-2): 16(S-2): 17(S-2): 18(S-2): 21(S-2): 23(S-2): 24(S-2): 25(S-2): 26(S-2): 27(S-2): 28(S-2): 29(S-2) AND 30(S-2). THE TOTAL OF TERM OF IMPRISONMENT IS CONSEQUENTLY TWENTY-TWO (22) YEARS ( 264 MONTHS).</u>

**XX**    The Court makes the following recommendations to the Bureau of Prisons:
THAT THE DEFENDANT BE PLACED IN A FACILITY IN THE NORTH EAST REGION.

**XX**    The defendant is remanded to the custody of the United States Marshal.
_    The defendant shall surrender to the United States Marshal for this district,
         _ at ___ a.m./p.m. on _____.
         _ as notified by the Marshal.

_    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

         _ before 2:00 p.m. on _____.
         _ as notified by the United States Marshal.
         _ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

The defendant was delivered on _____ to _____ at _____, with a certified copy of this Judgment.

United States Marshal

By_____

**Defendant:** AHMAD ABOUSHI
**Case Number:** CR-98-124(S-2)-01(FB)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>THREE (3) YEARS ON EACH COUNT TO RUN CONCURRENTLY TO EACH OTHER FOR A TOTAL OF THREE (3) YEARS.</u>

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

___  The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

**Defendant:** AHMAD ABOUSHI
**Case Number:** CR-98-124(S-2)-01(FB)

### RESTITUTION and FORFEITURE

*FORFEITURE:*

FORFEITURE IN THE SUM OF $50,000.00 IN REGARDS TO COUNTS 11, 17, 23, 26 AND 29 OF THE SUPERSEDING INDICTMENT. THE DEFENDANT HAS ALREADY PAID THIS IN FULL.

*RESTITUTION:*

RESTITUTION IS ORDERED IN THE TOTAL AMOUNT OF $3,804,740.00. THIS DEFENDANT SHALL BE JOINTLY AND SEVERALLY LIABLE WITH ALL CO-DEFENDANTS WHO HAVE ALSO BEEN REQUIRED TO PAY SUCH RESTITUTION. COUNSEL FOR THE DEFENDANT SHALL TRANSFER $41,167.00 FROM THEIR ESCROW ACCOUNT IMMEDIATELY TO THE CLERK OF THE COURT. THE CLERK SHALL PAY $1,300.00 TO THE VICTIM **Anthony Wilkes ( truck driver)** FORTHWITH. THE DEFENDANT SHALL PAY THE REMAINING AMOUNT AT THE RATE OF 10% OF HIS ANNUAL GROSS INCOME, THESE PAYMENTS SHALL COMMENCE UPON HIS RELEASE FROM CUSTODY. THESE PAYMENT SHALL BE SENT TO THE CLERK OF THE COURT. THE CLERK SHALL PERIODICALLY REMIT SUCH MONIES PROPORTIONALLY TO THE FOLLOWING VICTIMS:

$714,175.90 TO KEMPER NATIONAL INSURANCE CO.

$37,461.74 TO HIGHWAY EXPRESS

$1,236,287.90 TO RJ REYNOLDS

$15,000.00 TO WOOTEN TRANSPORTATION

$165,451.34 TO LORILLARD TOBACCO

$1,694,637.40 TO LIBERTY MUTUAL

$155.064 TO PHILIP MORRIS

$4,175.76 TO DON'S TRUCKING

$145,995.50 TO TRAVELERS CASUALTY

$697,070.00 TO ST. PAUL FIRE & MARINE INSURANCE CO.

$167,333.19 TO ROSS LABORATORIES

$44,537.00 TO KING KULLEN.

**Defendant:** AHMAD ABOUSHI
**Case Number:** CR-98-124(S-2)-01(FB)

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.