FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

FEB 0 3 2005

★ BROOKLYN OFFICE ★

United States District Court
Eastern District of New York
Clerk of the Court
225 Cadman Plaza East
Brooklyn, New York  11201

1/26/2005

RE:   U.S.A. vs. AHMAD ABOUSHI
      Docket No.: 98-CR-124 (S-2)  (FB)
      Supplemental Briefing § 2255

Dear Clerk;

      Enclosed please find for filing Petitioner's Motion for
Leave to file amended § 2255 motion.

      An original and two copies are enclosed.  A copy of this
motion has been served on the AUSA Office.

      Thank you in advance for your time and assistance.

                              Respectfully submitted,

                              AHMAD ABOUSHI
                              Reg.# 50690-004
                              FCI ELKTON
                              P.O. Box 10
                              Lisbon, Ohio  44432

CERTIFIED MAIL # 7003 1680 0004 6618 3500
RETURN RECEIPT REQUESTED


cc: file

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,          )
                                   )
                                   )
vs.                                )     Docket No.: 98-CR-124 (S-2)
                                   )
                                   )
                                   )
AHMAD ABOUSHI.                     )
                                   )

SUPPLEMENT TO MOTION TO VACATE,

SET ASIDE, OR CORRECT SENTENCE

PURSUANT TO 28 U.S.C. § 2255

    This supplement to the original § 2255 motion is submitted by Petitioner, Ahmad Aboushi, pursuant to Federal Rules of Civil Procedure 15(d) and 28 U.S.C. 2242, and is based on the recent Supreme Court Ruling in Blakely vs. Washington, (2004), and Booker Fan Fan, (2005) decided after the original § 2255 motion was filed in June 1, 2003, and still pending before this Court.

-1-

## PROCEDURAL HISTORY

On March 10, 1998, Petitioner was arrested on a Seventeen Count Indictment in the Eastern District of New York.

On March 26, 1998, Petitioner was released on Bond.

On August 19, 1999, a verdict of Guilty was returned after a trial by Jury.

On December 17, 2000, the first sentencing hearing was held and was carried to another date.

On January 17, 2001, a second sentencing hearing was held and was carried to another date.

On February 1, 2001, a third sentencing hearing finalized and a sentence of 240 months on Count One, and 24 months on the remaining Counts, to run concurrently together and consecutive to Count One, for a total of 264 months.

On February 1, 2001, a notice of appeal was filed to the Second Circuit.

On July 17, 2002, the Second Circuit affirmed the conviction.

On June 1, 2003, Petitioner filed with the district court a Habeas Corpus petition 28 USC § 2255, claiming ineffective assistance of Counsel, and still pending before the Court.

On December 20, 2004, Petitioner requested the status on his Petition from the Clerk of the Court. The letter was docketed on December 7, 2004.

And now Petitioner files this Supplemental to the § 2255 motion that is before this Court.

-2-

Federal Rules of Civil Procedure 15(a) states that once a responsive pleading has been served, that a:

> "party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

Id.

Petitioner meets the requirements for leave to amend his motion to vacate. Petitioner's claim in Ground Three (3) of his amended § 2255 would be "Lost forever if leave to amend is denied."

Petitioner now challenges the use of the preponderance of the evidence standard to apply the judicial sentencing enhancements § 1B1.2(d), § 2B3.1(b)(2)(c), § 2B3.1(b)(4)(A), § 3B1.1, § 3C1.1, § 2B1.1(b)(1), § 2B1.1(b)4 of the Guidelines as being violative of the due process clause, and notice and jury trial guarantees of of the United States Constitution. See Apprendi vs. New Jersey, 120 S.Ct. 2348 (2000), Blakely vs. Washington, (2004), and U.S. vs. Booker, (2005), Petitioner raised Apprendi, claim during the sentencing hearings, however, in light of Blakely vs. Washington, the Court clarified the statutory maximum interpretation, in stating that the maximum sentence a judge may impose rests solely on the basis of facts reflected in the jury verdict, or admitted to by Petitioner, not the maximum sentence a judge may impose after finding additional facts. At sentencing, the district judge interpreted the maximum to be the statutory maximum and sentenced Petitioner to the 20 years maximum sentence on Count One of the Indictment. 18 U.S.C. § 1951; Conspiracy to Commit Robbery, and additional 24 months

on the rest of the Counts to run concurrent with each other, but consecutive to Count One.

The upward adjustments made at Petitioner's sentencing were determined by the preponderance of the evidence. There is no question that the adjustments under U.S.S.G. § 1B1.2(d), § 2B3.1(b)(2)(C), § 2B3.1(b)(4)(A), § 3B1.1, § 2B1.1(b)(1), and § 2B1.1(b)(4) increased "the prescribed range of penalties" to which Petitioner was exposed as they elevated his sentencing guidelines range from (65) months to 264 months. Petitioner's indictment did not provide him with notice of these facts, and they were not proven before a jury or beyond a reasonable doubt in violation of the United States Constitution.

Petitioner's trial counsel and appellate counsel were ineffective for failing to object to this at sentencing and for failing to raise these issues on direct appeal. Alternatively, "cause" exists for these attorney errors, as there was "reasonable basis in existing law" for these challenges at the time. Reed vs. Ross, 468 U.S. 1, 15 (1984). Petitioner was "prejudiced" by receiving (16) years extra in prison. Murray v. Carrier, 477 U.S. 478 485 (1986)(to prevail on collateral attack, petitioner must show both "cause" and "prejudice").

-4-

## CONCLUSION

WHEREFORE, Petitioner is entitled to have the upward adjust-ments to his sentence vacated.

On January 26, 2005.

Respectfully submitted,

AHMAD ABOUSHI
Reg. # 50690-004
FCI ELKTON
P.O. Box 10
Lisbon, Ohio 44432

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this motion has been served on the AUSA, for the government, at 225 Cadman Plaza East, Brooklyn, New York, 11201.

On January 26, 2005.

AHMAD ABOUSHI