IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK


| | |
|---|---|
| UNITED STATES | : |
| | : |
| -vs- | : 98-CR-124 (FB) |
| | : |
| AHMAD ABOUSHI | : |
| | : |


## MOTION TO CORRECT/AMEND JUDGMENT PURSUANT TO
## RULE 36 FEDERAL RULES OF CRIMINAL PROCEDURE

**COMES NOW,** the petitioner Ahmad Aboushi, acting pro se, moves this honorable court to correct/amend it's Judgment in the Criminal case No. 98-cr-124, issued on February 1,2001, and signed by the sentencing Judge on March 13,2001, pursuant to Rule 36, Fed. Rules of the Criminal Procedure. The Judgment and Commitment is confleting with the oral pronouncement of the sentencing Judge, Rule 36 Fed.R.Crim.P. authorize a district Judge, at any time to correct/amend the written Judgment so that it confirm with the oral sentence pronounced by the court.

-1-

## STATEMENT OF THE CASE:

Following a trial by Jury in the Eastern District of New York, the movant was found guilty on counts 1(S-2), 3,(S-2), 10(S-2), 11 (S-2), 12(S-2), 16(S-2), 18 (S-2), 21(S-2), 23(S-2), 24(S-2), 25(S-2),26(S-2), 27(S-2), 28(S-2),29(S-2),& 30(S-2), total of 16 counts. The movant was found not guilty on 2(S-2),4(S-2),5(S-2), 6(S-2), 7(S-2), 8(S-2), 13(S-2), 14(S-2) 15(S-2), 17 (S-2), 20(S-2), 31(S-2), 32(S-2), 33(S-2),and 34(S-2).

On February 1,2001 the Honorable Fredric Block, sentence the movant on Count 1, to 20 years, then Counts 25 through 27 and 28 through 30 to 24 months to run concurrent with each others, and consecutive to the 20 years on count 1.See Sentencing transcripts of 2-1-2001 Exhibit A.

On March 13,2001, a written Judgment in a criminal case was prepared and signed by the sentencing Judge, and the Clerk of the Court that conflict with the oral pronouncement of the court. The written Judgment added additional count, count 17, that the movant was aquited on by the jury verdict. In addition the same count was added to the Restitution and Forfeiture in the amount of $50,000.00 see Judgment and Commitment Exhibit B.

The movant was sentnced to 264 months of imprisonment to be followed by 3 years of supervised release. An appeal was made to the second Circuit and was affirmed on July 17,2002.

The movant sought a habeas corpus petition under §2255, that was denied in late 2005.

-2-

## CONFLICT IN THE WRITTEN JUDGMENT & THE ORAL PRONOUNCMENT OF THE COURT:

During the sentencing hearing of February 1,2001, the oral pronouncement of the sentencing Judge was " **Count 1 of the indictment to 20 years. Counts 25-27 and 28 through 30 to 24 months to run concurrent with each others, but consecutive with count 1 the 20 years sentence.**" (see Exhibit A).

This oral pronouncement is in conflict with the written Judgment by reflecting additional count for convection that was aquited by the jury verdict. Count 17(S-2), was added to the written Judgment as one of the counts movant was convicted on, and also was used in the restitution and forfeiture order.(**see Exhibit B**).

## RULE 36,Fed.R.Crim.P. States in part:

After giving any notice it consider appropriate, the court may at any time correct a clerical error in a Judgment, order or other part of the record, or correct an error in the record arising from an oversight or omission.

This Court should amend its Judgment of February 1,2001, to reflect the correct counts of convictions, Count 17(S-2) should be deleted from the written Judgment in two parts, one is the conviction counts, and the other from the restitution and forfeiture order.The Court also charged an assesment fees on this count that also should be corrected. Where conflict existed between oral pronouncement of sentence and Judgment, oral pronouncement controlled. U.S.vs.Chasmer, 952 F.2d 50 (1991), Rule 36 Fed.R.Crim.P. allows a court to correct clerical errors of oversight or ommission in the record. In sum the errors in the written Judgment must be corrected.

As in this instant case, if a conflict exists between the oral pronouncement and later the written Judgment, the sentence pronounced from the bench controls. U.S. Daddino, 5 F.3d 262,266 (7th.Cir.1993), also see Roberts, 933 F.3d 517,519.(holding that the sentence orally pronounced is the defendant's legal punishment). This firmly established and settled principle od Federal Criminal law recognized in virtually every circuit, see U.S. vs. Lweis, 626 F.2d 940 (2nd Cir1980); U.S. vs. Pagan, 785 F.2d 378,386 (2nd.Cir); U.S. vs. Morse, 344 F.2d 27,29 (4th Cir.1965)

It has been suggested that whenever there is a conflict between the oral pronouncement and the sentence described in the written Judgment, the court must attempt to discern the sentencing Judge's intent from the record. Such a change would affect important principles that underline the traditional rule. The legal status of the oral sentence and the right to be present at the sentencing would be an intent-based approach.

WHEREFORE, movant prays that this court correct/amend the written Judgment to comphort with it's oral pronouncement during the sentencing hearing.

On November 18, 2006

X _____
Ahmad Aboushi
Reg# 50690-004
FCI, Elkton
P.O.Box 10
Lisbon, Ohio 44432

-4-

## CERTIFICATE OF SERVICE

I hereby certify that one true and correct copy of this motion has been served on the A.U.S.A. Ms. Roslynn R. Mauskope, Esq. at 147 Pierrepont Street, Brooklyn, NY 11201, by U.S. first class prepaid mail and being deposited in the institutional mail box here at FCI, Elkton Ohio.

On November 18, 2006

X_____
Ahmad Aboushi


```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF NEW YORK
 2

 3   ------------------------------X
                                   :
 4   UNITED STATES OF AMERICA,     :
                                   :   98-CR-124 (FB)
 5              v.                 :
                                   :   February 1, 2001
 6   AHMAD ABOUSHI,                :   Brooklyn, New York
                                   :
 7              Defendant.         :
     ------------------------------X
 8

 9           TRANSCRIPT OF CRIMINAL CAUSE FOR SENTENCING
                BEFORE THE HONORABLE FREDERIC BLOCK
10                 UNITED STATES DISTRICT JUDGE

11
     APPEARANCES:
12

13   For the Government:        LORETTA E. LYNCH, ESQ.
                                UNITED STATES ATTORNEY
14                              BY:  RUTH NORDENBROOK, ESQ.
                                ASSISTANT U.S. ATTORNEY
15                              225 Cadman Plaza East
                                Brooklyn, New York  11201
16

17   For the Defendant:         GERALD SHARGEL, ESQ.
                                SARITA KEITA, ESQ.
18                              RICHARD LEVITT, ESQ.

19
     Audio Operator:            PAUL KOOWAR
20

21
     Court Transcriber:         SHARI RIEMER
22                              TypeWrite Word Processing Service
                                356 Eltingville Boulevard
23                              Staten Island, New York 10312

24

25


     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

Exh. A

1  least the opportunity to see what the sentence
2  recommendation is.  So I'm going to show it to you in the
3  exercise of my discretion here.  Just take a moment to look
4  at it.  Obviously, I'm not bound by it.  I'm not suggesting
5  that.
6              MR. SHARGEL:  I understand.
7              (Pause in Proceedings)
8              MR. SHARGEL:  I'll tell you, Judge, it's the first
9  sentencing recommendation that I've seen and been given
10 pursuant to the discretion of the Court that I don't
11 understand, I must say, because it says -- I'm sure I can
12 read it in the record.  It says on Count 1, 20 years'
13 imprisonment.  Then it says on Counts 3, 10 through 12, 16
14 through 18, 22 to 30, 10 years' imprisonment, all terms of
15 imprisonment to be consecutive.  That could be read as 30,
16 that could be read as 10 years on each one of those many
17 counts, which I'd need a calculator to determine.
18             THE COURT:  It's somewhat ambiguous but I'm just
19 showing it as a courtesy to you.  It doesn't mean I'm bound
20 by that, of course.
21             MR. SHARGEL:  I understand.
22             THE COURT:  We hope to get at the right sentence.
23             I have the presentence report, which is dated June
24 9th.  All dates will refer to the year 2000 unless otherwise
25 indicated.  The arrest date was back on March 10th, 1998 and

Exh. A

                                                                    19

1   the thought that they may see their father out of jail and I
2   think I've expressed myself about that.
3          Now, I find that in terms of the extent of the
4   departure, which I'm going to give here, that the combination
5   of these two justify the departure that I'm going to give, that
6   either one of these standing alone may not or arguably may not
7   justify the extent of the departure but in combination I
8   believe they do warrant a substantial departure.
9          The sentence I'm going to pose upon you is going to
10  be 264 months.  That's the same as 22 years.  If you behave
11  yourself you will be getting 15 percent credit for good
12  behavior and you can do the arithmetic but I think if you take
13  care of your health it will give your children an opportunity
14  to see their father out of jail hopefully for their sake.
15         There will be three years -- by the way, do I have to
16  break these down in terms of the various charges?  Let me think
17  about that.
18         MR. SHARGEL:  I don't believe you do, Your Honor.
19         THE COURT:  There's a 20-year max on Count -- I
20  better be careful.
21         MS. NORDENBROOK:  1.
22         THE COURT:  On Count 1.
23         MS. NORDENBROOK:  Correct.
24         THE COURT:  So it should be 20 years on Count 1 and
25  then 2 years on each other count to run --


Exh. A

```
                                                                  20
 1              MS. NORDENBROOK:  I believe --
 2              THE COURT:  -- consecutive.  Let me just think about
 3    that for a second.
 4                     [Pause in proceedings.]
 5              THE COURT:  I think that's the way it should be.  20
 6    years on Count 1 and two years will be in respect to all the
 7    other counts which will be concurrent to each other and
 8    consecutive to the 20 years on Count 1.
 9              MS. NORDENBROOK:  Correct.  Those would be the counts
10    that the Court previously found were represented unrelated.  I
11    think those were Counts 25 through 27 and 28 through 30 which
12    were the separate, the other separate crimes each -- I mean --
13              THE COURT:  I don't think it should be done that way.
14              MS. NORDENBROOK:  Okay.
15              THE COURT:  I think they each stand on their own
16    footing since it's a departure concept we're talking about.  So
17    I think that there will be two years on each of these counts
18    consecutively to the 20 years and the two years will be
19    concurrent.  I think that's right.  I'm not going to swear to
20    it because we're dealing with some conceptual figures here.
21    Does that sound about right to everybody?
22              MR. SHARGEL:  Well, procedurally that's right.
23              THE COURT:  Procedurally.  I'm not talking about the
24    total.
25              Three years of supervised release.  That will be just
```


ExhA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES OF AMERICA
   -v-

AHMAD ABOUSHI,
        Defendant.
------------------------------------------------x

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

CASE NUMBER: CR-98-124(S-2)-01(FB)
GERALD SHARGEL, ESQ.
570 LEXINGTON AVE., 16TH FL.
NEW YORK, NY 10022
Defendant's Attorney & Address

THE DEFENDANT: AHMAD ABOUSHI

__XX__ was found guilty on counts 1(S-2),3,(S-2)10(S-2),11(S-2),12(S-2),16(S-2),17(S-2),18(S-2),21(S-2), 23(S-2),24(S-2),25(S-2),26(S-2),27(S-2),28(S-2),29(S-2),& 30(S-2) OF THE SUPERSEDING INDICTMENT after a plea of not guilty.

Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| TITLE 18 USC 1951 | CONSPIRACY TO COMMIT ROBBERY | 1(S-2) |
| TITLE 18 USC 2315 | CONSPIRACY TO POSSESS STOLEN PROPERTY | 3(S-2),12(S-2),18(S-2), 24(S-2),27(S-2),30(S-2) |
| TITLE 18 USC 659 | THEFT FROM INTERSTATE SHIPMENT | 10(S-2), 16(S-2),22(S-2), 25(S-2),28(S-2) |
| TITLE 18 USC 2312 | TRANSPORTATION OF A STOLEN VEHICLE | 11(S-2),17(S-2),23(S-2), 26(S-2),29(S-2) |

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__XX__ The defendant has been found not guilty on counts 2(S-2),4(S-2),5(S-2),6(S-2),7(S-2),8(S-2),13(S-2), 14(S-2),15(S-2)20(S-2),31(S-2),32(S-2),33(S-2), AND 34(S-2) and is discharged as to such counts.

__XX__ It is ordered that the defendant shall pay to the United States a special assessment of $ 1,700.00 which shall be due immediately :

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec #

Defendant's Mailing Address:

FEBRUARY 01, 2001
Date of Imposition of Sentence

THE HONORABLE FREDERIC BLOCK
March 13, 2001
Date
A TRUE COPY
ATTEST 3/13/2001
ROBERT C. H[...]

Exh. B

Defendant: AHMAD ABOUSHI
Case Number: CR-98-124(S-2)-01(FB)

## RESTITUTION and FORFEITURE

*FORFEITURE:*

FORFEITURE IN THE SUM OF $50,000.00 IN REGARDS TO COUNTS 11, 17, 23, 26 AND 29 OF THE SUPERSEDING INDICTMENT. THE DEFENDANT HAS ALREADY PAID THIS IN FULL.

*RESTITUTION:*

RESTITUTION IS ORDERED IN THE TOTAL AMOUNT OF $3,804,740.00. THIS DEFENDANT SHALL BE JOINTLY AND SEVERALLY LIABLE WITH ALL CO-DEFENDANTS WHO HAVE ALSO BEEN REQUIRED TO PAY SUCH RESTITUTION. COUNSEL FOR THE DEFENDANT SHALL TRANSFER $41,167.00 FROM THEIR ESCROW ACCOUNT IMMEDIATELY TO THE CLERK OF THE COURT. THE CLERK SHALL PAY $1,300.00 TO THE VICTIM **Anthony Wilkes ( truck driver)** FORTHWITH. THE DEFENDANT SHALL PAY THE REMAINING AMOUNT AT THE RATE OF 10% OF HIS ANNUAL GROSS INCOME, THESE PAYMENTS SHALL COMMENCE UPON HIS RELEASE FROM CUSTODY. THESE PAYMENT SHALL BE SENT TO THE CLERK OF THE COURT. THE CLERK SHALL PERIODICALLY REMIT SUCH MONIES PROPORTIONALLY TO THE FOLLOWING VICTIMS:

$714,175.90 TO KEMPER NATIONAL INSURANCE CO.

$37,461.74 TO HIGHWAY EXPRESS

$1,236,287.90 TO RJ REYNOLDS

$15,000.00 TO WOOTEN TRANSPORTATION

$165,451.34 TO LORILLARD TOBACCO

$1,694,637.40 TO LIBERTY MUTUAL

$155.064 TO PHILIP MORRIS

$4,175.76 TO DON'S TRUCKING

Exh. B

United States District Court
The Honorable Frederic Block
U.S. District Judge
Eastern District of NY
225 Cadman Plaza East
Brooklyn, New York  11201

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D N.Y
★ NOV 20 2006
BROOKLYN OFFICE

Date: 11-18-2006


RE: USA. vs. Ahmad Aboushi
    98-cr-124


Dear Judge:

Enclosed a Courtesy copy of my motion under Rule 36 Fed.R.Crim.P to correct the written Judgement in my case.


Respectfully Yours

Ahmad Aboushi
Reg# 50690-004
FCI, Elkton
P.O.Box 10
Lisbon, Ohio 44432